# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**GERRY HOBBS,**

    **Petitioner,**

vs.                              Case No. 4:06cv419-MP/WCS

**SECRETARY, DEPT. OF CORRECTIONS,**

    **Respondent.**

_____ /

## REPORT AND RECOMMENDATION TO TRANSFER PETITION

    This cause is before the court on a petition for writ of habeas corpus and financial affidavit. Petitioner used the forms for filing a 28 U.S.C. § 2241 petition, and the financial affidavit for use by non prisoners.

    As Petitioner is in custody pursuant to a state court judgment, his petition proceeds pursuant to 28 U.S.C. § 2254. <u>Medberry v. Crosby</u>, 351 F.3d 1049, 1062 (11th Cir. 2003), *cert. denied,* 541 U.S. 1032 (2004).

    Petitioner is currently incarcerated at River Junction Work Camp, and challenges the judgment of the Eighteenth Judicial Circuit Court in Brevard County. Jurisdiction is appropriate in this district and the Middle District, as the districts of confinement and conviction, respectively. 28 U.S.C. § 2241(d).

The district of conviction would appear to be the most convenient and appropriate venue, and the petition should be transferred to the Middle District under § 2241(d).  *See also*, Parker v. Singletary, 974 F.2d 1562, 1582 and nn. 114 and 118 (11th Cir. 1992) (finding transfer "in furtherance of justice" under § 2241(d), citations omitted); Eagle v. Linahan, 279 F.3d 926, 933, n. 9  (11th Cir. 2001) (noting that the practice in district courts in Georgia was to transfer petitions to the district of conviction under § 2241(d)).

To avoid further delay, the court has printed the § 2254 forms used in the Middle District from its web site.  The full § 2254 packet (including instructions, a form § 2254 petition, and affidavit of indigency), with two additional § 2254 forms, are sent to Petitioner by separate order.  The service copy of his § 2241 petition (doc. 1) is also returned to him.  Petitioner should wait until the case has been transferred to the Middle District and a case number assigned by that court before filing the completed forms in that case.

It is therefore respectfully **RECOMMENDED** that this case be **TRANSFERRED** to the United States District Court for the Middle District of Florida for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida on December 1, 2006.


    s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**